**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| R.S. COPPOLA TRUST – OCT. 19, 1995, RALPH STEPHEN COPPOLA,<br><br>　　Plaintiffs,<br><br>v.<br><br>NATIONAL DEFAULT SERVICES, et al.,<br><br>　　Defendants. | Case No.: 3:21-cv-00281-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 13 |

Before the court is Plaintiffs' Motion for Authorization to Register as a Filer in This Case Utilizing the Case Management/Electronic Case Filing (CM/ECF) System. (ECF No. 13.) Plaintiffs request permission to file, receive, and serve documents electronically in this case. The court will grant Plaintiffs' request under LR IC 2-1(b), which states that a "pro se litigant may request the court's authorization to register as a filer in a specific case." For the purpose of this rule, a "filer" is defined as "a person who is issued a login and password to file documents in the court's electronic filing system." LR IC 1-1(b).

　　**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Authorization to Register as a Filer in This Case Utilizing the Case Management/Electronic Case Filing (CM/ECF) System" (ECF No. 13) is **GRANTED** on a limited basis. Plaintiffs must first comply with the following procedures to activate the CM/ECF account:

1.     By **Friday, August 20, 2021**, Plaintiffs must file a written certification that they have completed the CM/ECF tutorial and are familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. Plaintiffs are advised that they are not authorized to file electronically until this certification is filed with the court within the time frame specified.  LR IC 2-1.

2.     After timely filing the certification, Plaintiffs must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

3.     Plaintiffs are directed to familiarize themselves with Part IC - Electronic Case Filing of the Local Rules of Practice of the United States District Court.

This action, which was removed by Defendants from State court, was filed by the R.S. Coppola Trust—Oct. 19, 1995, and Ralph Stephen Coppola, the Trustee for the R.S. Coppola Trust—Oct. 19, 1995. (ECF No. 1-1.) A trust (or a person suing in his or her capacity as trustee of a trust) is not permitted to represent itself in court. *See C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987) (non-attorney may represent himself in a lawsuit, he does not have authority to appear as an attorney for others; finding that person filing action on behalf of trust and himself as trustee of the trust was not allowed to represent himself or the trust *pro se* in federal court unless the trustee was the actual beneficial owner of the trust's claims); *see also Maisano v. Welcher,* 940 F.2d 499, 501 (9th Cir. 1991); *Church of the New Testament v. United States,* 783 F.2d 771, 773 (9th Cir. 1986); *U.S. v. Haines,* No. C13-5082 BHS, 2013 WL 5719455 (W.D. Wa. Aug. 5, 2013) ("A trustee cannot act in a pro se capacity in a judicial proceeding involving the trust for which he serves as a fiduciary."); *Guerin v. Guerin*, 993 P.2d 1256, 1258,

116 Nev. 210, 214 (2000) ("A proper person, however, is not permitted to represent an entity such as a trust.").

The court will issue a separate order requiring Plaintiffs to obtain counsel to continue this litigation. This Order granting Plaintiffs permission to file electronically (should they fulfill all the prerequisites noted above) should not be interpreted to mean that Plaintiffs can continue in this action without representation.

**IT IS SO ORDERED**.

Dated: July 20, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE