UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| R.S. COPPOLA TRUST - OCT. 19, 1995, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL DEFAULT SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-00281-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Plaintiffs sued Defendants for wrongful foreclosure, quiet title, and related causes of action in state court. (ECF No. 1-1 at 21-58.) Defendants removed to this Court. (ECF No. 1.) Before the Court is Plaintiffs' motion for reconsideration (ECF No. 24 ("Motion"))[1] of the Court's minute order (ECF No. 23 ("Minute Order")) overruling Plaintiffs' objection (ECF No. 19) to a prior set of orders (ECF Nos. 15, 16) issued by United States Magistrate Judge William G. Cobb. Because Plaintiffs' arguments in their Motion do not match their allegations in their operative complaint, and as further explained below, the Court will deny the Motion. However, as also explained below, the Court will grant Plaintiffs leave to file an amended complaint within 15 days so that their allegations may match their arguments in their Motion if they wish.

**II.    BACKGROUND**

The currently operative complaint in this case is Plaintiffs' first amended complaint filed in state court before removal. (ECF No. 1-1 at 21-58 ("FAC"); *see also* ECF No. 22 (answering the FAC).) The caption of the FAC lists the Plaintiffs as R.S. Coppola Trust –

---

[1] Defendants did not file a response to the Motion, though the time for doing so has elapsed.

October 19, 1995, and Ralph Stephen Coppola. (ECF No. 1-1 at 21.) The introduction of the FAC then describes the Plaintiffs as "R.S. Coppola Trust, created October 19, 1995, by and through its Trustee, Ralph S. Coppola, an individual and also a plaintiff, herein. . ." (*Id.* at 22.) However, the FAC then proceeds to define Plaintiffs as the R.S. Coppola Trust (the "Trust") and Ralph Stephen Coppola ("Stephen"). (*Id.* at 22-23.) The remainder of the FAC primarily refers to Plaintiffs, which the Court understands to be a defined term meaning the Trust and Stephen, though it occasionally refers to either the Trust or Stephen. (*Id.* at 22-58.)

After Defendants removed the case to this Court, Stephen filed a motion for *pro se* litigant to file electronically. (ECF No. 13.) Judge Cobb granted the motion but expressed concerns about whether the a "trust (or a person suing in his or her capacity as trustee of a trust) is . . .permitted to represent itself in court." (ECF No. 15 at 2.) Judge Cobb cited a series of cases supporting the proposition that they are not. (*Id.* at 2-3.) Judge Cobb simultaneously issued an order giving Plaintiffs 30 days "to file a notice indicating that they have obtained counsel to represent them in this litigation or this action may be dismissed without prejudice." (ECF No. 16 at 2.)

Plaintiffs filed an objection to these orders (ECF Nos. 15, 16) in which Judge Cobb ordered Plaintiffs to retain counsel. (ECF No. 19.) In their objection to Judge Cobb's orders, Plaintiffs argued in pertinent part[2] that "the Plaintiffs to the case are Ralph Stephen Coppola on behalf of the Trust and Ralph Stephen Coppola, as an individual, in his individual capacity[.]" (ECF No. 19 at 9.) The Court overruled Plaintiffs' objection in the Minute Order, writing:

> United States Magistrate Judge William G. Cobb issued an order granting Plaintiffs' request to file electronically on a limited basis (ECF No. 15) and a separate order giving Plaintiffs 30 days to file a notice that they have obtained counsel to represent them (ECF No. 16). Plaintiffs filed an objection to the former order which appears to challenge Judge Cobb's ruling that they must be represented by counsel because Plaintiffs are the R.S. Coppola Trust-Oct. 19, 1995 ("the Trust") and Ralph Stephen Coppola, as the Trustee

---

[2] There is no dispute that an individual plaintiff may represent him or herself *pro se*. *See, e.g.*, *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("a non-attorney may appear in propria persona in his own behalf").

2

for the Trust. (ECF No. 19.) The Court overrules Plaintiffs' objection (ECF No. 19) because they have not demonstrated that Judge Cobb clearly erred finding that the Trust and Ralph Stephen Coppola, as Trustee, cannot represent themselves.

(ECF No. 23.) As noted, the Motion seeks reconsideration of the Minute Order.

### III.    LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

Motions to reconsider are generally left to the discretion of the district court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for the delay. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Moreover, motions for reconsideration are not justified on the basis of new evidence that could have been discovered prior to a district court's ruling. *See Coastal Transfer Co. v. Toyota Motor Sales*, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987).

### IV.    DISCUSSION

In their Motion, Plaintiffs argue the Court should reconsider the Minute Order because the Court clearly erred in referring to the Trust as a plaintiff. (ECF No. 24 at 3.) Plaintiffs go on to argue that the Court clearly erred because a trustee who is the sole

3

1  beneficiary of a trust may sue on that trust's behalf, in part because a trust is not an
2  independent legal entity. (*Id.* at 3-9.)

3  Plaintiffs' argument in their Motion is unpersuasive because it is based on an
4  incorrect premise—that the Court erred by referring to the Trust as a plaintiff. Plaintiffs
5  themselves included the Trust as a plaintiff in this case in the FAC. (ECF No. 1-1 at 21,
6  22-23; *see also id.* at 22-58 (referring primarily to Plaintiffs, defined as the Trust and
7  Stephen).) And even Plaintiffs argue that trusts are legal nonentities. (ECF No. 24 at 3-6.)
8  It therefore appears to the Court that Plaintiffs made a mistake in their FAC, particularly
9  given their vehement argument in the Motion. The Court is relatedly unpersuaded it should
10 reconsider the Minute Order. The Court accurately summarized Plaintiffs' own allegations
11 in their FAC in the Minute Order and ruled accordingly. The Court will thus deny the Motion.

12 That said, it may be true that Stephen can sue *pro se* in his capacity as sole trustee
13 and sole beneficiary of the Trust provided he can proffer sufficient evidence to establish
14 he is the Trust's sole beneficiary. *See C.E. Pope*, 818 F.2d at 697-98 (9th Cir. 1987); *see*
15 *also Oswald v. I.R.S.*, 888 F.2d 130, 1989 WL 124143 (Table) (9th Cir. 1989). The Court
16 does not rule on that issue here. For purposes of this order, if that was Stephen's intent
17 all along—to sue in both his individual capacity and on behalf of the trust in his capacity
18 as both its trustee and sole beneficiary—it appears to the Court that granting Plaintiffs
19 leave to file an amended complaint that names plaintiffs consistent with the argument
20 Plaintiffs make in their Motion may be a better way forward than requiring Plaintiffs to
21 retain counsel.

22 The Court accordingly grants Plaintiff leave to file a second amended complaint
23 within 15 days that names as plaintiffs Ralph Stephen Coppola, in his capacity as trustee
24 and sole beneficiary of the R.S. Coppola Trust, created October 19, 1995, and Ralph
25 Stephen Coppola, as an individual, in his individual capacity.

26 If Plaintiffs choose not to file an amended complaint as outlined above, and
27 because the Court is denying the Motion, Plaintiffs must comply with Judge Cobb's prior
28

order to retain counsel and file a notice confirming they have done so within 30 days of the date of entry of this order if they do not file an amended complaint.[3]

## V. CONCLUSION

It is therefore ordered that Plaintiffs' motion for reconsideration (ECF No. 24) is denied.

It is further ordered that Plaintiffs may file a second amended complaint as specified herein within 15 days of the date of entry of this order.

It if further order that, if Plaintiffs do not file a second amended complaint within 15 days, they must file a notice confirming they have retained counsel within 30 days of the date of entry of this order.

It is further ordered that, if Plaintiffs do not timely comply with either of the alternative orders contained herein, the Court will dismiss this case without prejudice.

DATED THIS 8th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court gives Plaintiffs additional time to retain counsel if they choose that path to at least partially account for the time it took for the Court to resolve the Motion, along with the time it took for Plaintiffs to object to Judge Cobb's order.