1
2
3                        UNITED STATES DISTRICT COURT
4                             DISTRICT OF NEVADA
5                                    * * *
6   R.S. COPPOLA TRUST - OCT. 19, 1995,        Case No. 3:21-cv-00281-MMD-WGC
    *et al.*,
7                                              ORDER
                              Plaintiffs,
8          v.
9   NATIONAL DEFAULT SERVICES, *et al.*,
10                            Defendants.
11

12        Plaintiffs sued Defendants for wrongful foreclosure, quiet title, and related causes

13   of action in state court. (ECF No. 1-1 at 21-58.) Defendants removed to this Court. (ECF

14   No. 1.) Before the Court is Plaintiffs' motion asking that I recuse from this case because

15   my impartiality might reasonably be questioned, or I am actually biased against them.

16   (ECF No. 27 ("Motion") at 14-17.) As further explained below, I decline to recuse from this

17   case because I do not find that my impartiality can be reasonably questioned, and the

18   affidavit Plaintiffs submitted with their Motion is legally insufficient.

19        Plaintiffs appear to seek my recusal under either 28 U.S.C. § 144 or 28 U.S.C. §

20   455(a), relying primarily on *United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980). (ECF No.

21   27 at 12-14.) I agree with Plaintiffs that the current circumstances in this case are

22   analogous to *Sibla* in some respects, but instead find that *Sibla* supports my decision not

23   to recuse. First, in *Sibla*, the Ninth Circuit Court of Appeals affirmed a district judge's

24   decision not to recuse from a case where a *pro se* litigant questioned the judge's

25   impartiality under Section 455(a) and filed an affidavit under Section 144 that the district

26   judge rejected as legally insufficient. *See generally* 624 F.2d 864. Second, "the district

27   judge noted that a discovery motion filed by Sibla related to a frivolous legal argument

28   concerning the validity of the federal income tax scheme. The judge thoroughly

admonished Sibla that similar challenges to the federal tax laws had been routinely rejected by the courts and that Sibla would be 'in great trouble in connection with the defense of this case,' if he relied on that argument." *Id.* at 866. I have made no similar statements in this case. My involvement thus far has been limited to several written orders. That difference is another reason why *Sibla* supports my decision to deny the Motion.

Third, to the extent Plaintiffs seek my recusal under Section 144, I find that Plaintiffs' affidavit is legally insufficient, similar to the affidavit in *Sibla*. The key portion of Plaintiffs' affidavit lacks facts—it is a partial page of Plaintiffs'[1] explanation as to why they filed a recusal motion. (ECF No. 27-1 at 13 (including the representative statement "I have brought the accompanying motion as soon as I could become satisfied the motion was justified.").) The rest of the affidavit consists of a procedural history of this case so far. (*Id.* at 1-12.) The Motion and accompanying affidavit contain only "conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source." *Sibla*, 624 F.2d at 868. The affidavit (ECF No. 27-1) is accordingly legally insufficient, and I decline to refer the Motion to another district judge for review under Section 144. *See id.* at 867 (describing the procedural requirements under Section 144), 868-69 (affirming the district court's finding that the affidavit was legally insufficient).

Fourth, to the extent Plaintiffs seek my recusal under Section 455(a) because my impartiality might reasonably be questioned, I also decline to recuse under that statute. Section 455(a) requires an objective inquiry. *See United States v. Holland*, 519 F.3d 909, 912-14 (9th Cir. 2008). But this objective standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation omitted). And in their Motion, Plaintiffs do not identify any bias or prejudice directed at them that "stems from an extrajudicial source." *Sibla*, 624 F.2d at 868 (citation omitted). Instead,

---

[1]I refer to Plaintiffs because there are currently two Plaintiffs in this case, but the key page of the affidavit is written in the first person, presumably from Ralph Stephen Coppola's perspective. (ECF No. 27-1 at 13-14.)

1    Plaintiffs challenge two of my decisions in this case, arguing I am biased against them

2    because I overruled Plaintiffs' objections to two of United States Magistrate Judge William

3    G. Cobb's orders. I stand by the two decisions Plaintiffs challenge, and they do not reflect

4    bias against Plaintiffs in any event.

5           Plaintiffs first challenge my minute order overruling their objection to one of United

6    States Magistrate William G. Cobb's orders requiring they obtain counsel. (ECF No. 27 at

7    14-15.) Plaintiffs made the same argument in a motion for reconsideration that I recently

8    denied. (ECF No. 28.) I decline to recuse in response to this argument for the same

9    reasons I denied their motion for reconsideration. (*See id.*) I refer Plaintiffs to my order

10   denying their motion for reconsideration for my view as to how this case should proceed.

11   (*See id.*)

12          Plaintiffs next challenge another one of my minute orders overruling another one of

13   their objections to another one of Judge Cobb's orders. (ECF No. 27 at 16-17 (challenging

14   ECF No. 26).) Plaintiffs argue I erred because I did not construe their response to

15   Defendants' second motion for an extension of time filed after Judge Cobb granted that

16   request for an extension of time in an order as an objection to the order. (*Id.*) Contrary to

17   Plaintiffs' argument, I did not err in the challenged minute order—even considering that

18   Plaintiffs are (at least for now)[2] proceeding *pro se*. While Plaintiffs' response to

19   Defendants' second request for an extension of time is titled an objection (ECF No. 14 at

20   1), it is better read as a response because it does not contemplate that Judge Cobb

21   already ruled on the motion (*see generally id.*). It cannot reasonably be construed as an

22   objection to Judge Cobb's order. Accordingly, I did not err in overruling Plaintiffs' objection

23   to Judge Cobb's order granting Defendants' first motion for an extension of time as moot.

24   (ECF No. 26.)

25          Regardless, the two arguments Plaintiffs raise in their Motion reflect substantive

26   disagreement with my decisions thus far in this case—not "bias or prejudice [that] is

27

28          [2]I again refer Plaintiffs to my order denying their motion for reconsideration. (ECF
     No. 28.)

3

directed against a party and stems from an extrajudicial source." *Sibla*, 624 F.2d at 868. Plaintiffs' arguments are accordingly unpersuasive in a recusal motion. *See generally id.* I find that no reasonable person would question my impartiality based on the limited actions I have taken thus far in this case and the arguments raised in the Motion. For this reason—and as explained above—it is my duty to continue to preside over this case and I therefore must deny the Motion. *See Holland*, 519 F.3d at 912 (noting the general proposition that, "in the absence of a legitimate reason to recuse [her]self, 'a judge should participate in cases assigned.'").

It is therefore ordered that Plaintiffs' motion for recusal of judge (ECF No. 27) is denied.

DATED THIS 12th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE